Nevertheless, Latham & Watkins's initial failure to plead Montrose's citizenship did not provide an independent basis for the imposition of sanctions. In considering Travelers's motion for sanctions, the district court merely looked to Latham & Watkins's initial failure to plead citizenship as additional support for its conclusion that Latham & Watkins's assertion of diversity jurisdiction was frivolous. *See Montrose Chem. Corp.*, 926 F.Supp. at 947 ("Montrose's failure to initially plead its 'principal place of business' also supports the imposition of sanctions.... The experience of Montrose's counsel supports an inference that the failure to plead Montrose's principal place of business was not an inadvertent error, but rather a recognition that the assertion of diversity jurisdiction was frivolous.").

Notwithstanding Latham & Watkins's failure to properly plead Montrose's citizenship, sanctions based solely on this error are not warranted in this case. The district court did not find, nor is there sufficient evidence on the record before us to conclude, that Latham & Watkins's initial failure to plead Montrose's citizenship was the result of "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation...." Fed.R.Civ.P. 11(b)(1). In addition, a party who has failed to allege diversity jurisdiction is ordinarily granted leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a). *See* Fed R. Civ. P. 15(a) ("[L]eave [to amend a party's pleadings] shall be freely given when justice so requires."); *Pioche Mines Consol. Inc. v. Dolman*, 333 F.2d 257, 262 n. 2, 264 (9th Cir.1964) (holding that it was proper for district court to grant leave to amend complaint in order to correct defects in pleading diversity jurisdiction); *accord Sanders v. Clemco Indus.*, 823 F.2d 214, 216–17 (8th Cir.1987) (holding that district court's refusal to grant leave to amend complaint in order to correct defects in pleading diversity jurisdiction was improper). Accordingly, because Latham & Watkins made the type of

technical error that courts traditionally allow parties to correct, it would be improper to impose sanctions solely on this basis.

We thus conclude that the district court's award of Rule 11 sanctions was an abuse of discretion. The factors considered by the district court in awarding sanctions neither individually nor cumulatively support Travelers's motion for Rule 11 sanctions.

### III.

For the foregoing reasons, we reverse.[4]

REVERSED.

INTER–MODAL RAIL EMPLOYEES AS-SOCIATION; Thomas Franks; Charles Jones; Thomas J. Martin; Hoyt Jarrard; Robert Stein, Plaintiffs–Appellants,

v.

THE ATCHISON, TOPEKA and SANTA FE RAILWAY COMPANY; In–Terminal Services, Division of Mi–Jack Products, Inc., an Illinois Corp., Defendants–Appellees.

INTER–MODAL RAIL EMPLOYEES AS-SOCIATION; Thomas Franks; Charles Jones; Thomas J. Martin; Hoyt Jarrard; Robert Stein, Plaintiffs–Appellants,

v.

THE ATCHISON, TOPEKA and SANTA FE RAILWAY COMPANY; Santa Fe Terminal Services, Inc., Defendants–Appellees.

Nos. 93–56400, 94–55118.

United States Court of Appeals, Ninth Circuit.

Decided July 14, 1997.

---

4. In response to Latham & Watkins's appeal, Travelers filed a motion pursuant to Federal Rule of Appellate Procedure 38 for sanctions against Latham & Watkins. In its motion, Travelers argues that Latham & Watkins should be sanctioned for filing a frivolous appeal. Because the district court's award of Rule 11 sanctions was an abuse of discretion, Latham & Watkins's appeal of that award was not frivolous. Accordingly, we deny Travelers's motion for Rule 38 sanctions.

Before: BROWNING and BEEZER, Circuit Judges, and HAGGERTY,* District Judge.

This case is remanded to the district court for further proceedings consistent with the Supreme Court's opinion filed May 12, 1997.

SYSTEMCARE, INC., Plaintiff–Counter–Defendant–Appellant,

v.

WANG LABORATORIES CORPO-RATION, Defendant–Counter–Claimant–Appellee,

v.

Michael WRIGHT, Counter–Defendant,

United States of America, Amicus Curiae.

No. 95–1032.

United States Court of Appeals, Tenth Circuit.

June 24, 1997.

---

* The Honorable Ancer L. Haggerty, District Judge, United States District Court for the District of Oregon, sitting by designation.